IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01542-RTG

CHRISTOPHER IKEEN JORDAN,

      Plaintiff,

v.

DONALD J. TRUMP, and
GEORGE W. BUSH,

      Defendants.

---

## ORDER TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff Christopher Ikeen Jordan is a state prisoner in custody at the Buena Vista Correctional Facility in Buena Vista, Colorado. On April 9, 2026, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).

The Court granted Plaintiff leave to proceed pursuant to § 1915 (ECF No. 4), therefore, the Prisoner Complaint is screened under 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c) because Plaintiff is a prisoner who seeks redress from officers or employees of a governmental entity. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v.*

1

*Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* at 327. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court must construe Plaintiff's pleadings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons below, Plaintiff must file an amended Prisoner Complaint if he wishes to pursue any claims in this action.

## I.    PRISONER COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1 at 3). Plaintiff names Donald Trump and George W. Bush as Defendants and sues them in their individual capacities. (*Id.* at 1-3). According to Plaintiff, Mr. Trump and Mr. Bush are responsible for his unlawful detainment, and Mr. Trump has "refused to grant me a presidential pardon . . . or secure funds on my behalf[.]" (*Id.* at 5). Plaintiff contends that the "Emancipation Proclamation of 1863 . . . makes me . . . the first truly 'sovereign freeperson' in modern history, and that this sovereignty makes me the first Royal Monarch of my clan, and that this recognition need to be 'proclaimed to the world.'" (*Id.* at 6). Plaintiff further states that "Mr. Trump continues to allow both law enforcement

agencies and quasi-law enforcement agencies (prison officials) to unlawfully keep me detained in the Colorado Department of Corrections, thereby establishing a direct nexus between Mr. Trump's inaction and deprivation of my fundamental constitutional rights to equal protection and due process of law[.]" (*Id.* at 10-11). Plaintiff also alleges he was assaulted in 2018 and stabbed while in custody. (*Id.* at 12). Based on these allegations, Plaintiff requests injunctive relief as well as damages in excess of $100 billion and the release from custody. (*Id.* at 41-45). The Court will now discuss the issues presented in the pleading.

## II.    PLEADING ISSUES

### A.    Frivolous Claims

As an initial matter, Plaintiff's allegations and claims appear to be factually frivolous. Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the action if Plaintiff's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

### B.    30-Page Limit

Plaintiff's current Prisoner Complaint consists of 45 pages. The amended Prisoner Complaint may not exceed thirty (30) pages. *See* Information and Instructions for Filing a Prisoner Complaint ("Absent prior order of the court, the total length of the Prisoner Complaint, including the form and all additional pages, may not exceed thirty pages."); *see also Brooks v. Colorado Dep't of Corr.*, 762 F. App'x 551, 555 (10th Cir.), *cert. denied*, 140 S. Ct. 207 (2019) (finding "no abuse of discretion in . . . requiring [Plaintiff] to comply with the 30-page limitation per the court 's local rules").

### C.    Rule 8

Plaintiff's Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Plaintiff's Prisoner Complaint fails to provide a short and plain statement of his claim showing that he is entitled to relief. It is Plaintiff's responsibility to present his claim in a manageable and readable format that allows the Court and the defendants to

know what claims are being asserted and to be able to respond to those claims. In the amended pleading, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

### D.    Personal Participation

To the extent Plaintiff wishes to assert individual capacity claims pursuant to § 1983 or *Bivens*, he must allege the personal participation of the named defendant in the alleged constitutional violation. To establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control, direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Although a defendant can be liable based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). Therefore, in order to succeed in a § 1983 or *Bivens* suit against a government official for conduct that arises out of his or her supervisory responsibilities, Plaintiff must allege and demonstrate that: "(1) the

defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). In the amended Prisoner Complaint, Plaintiff must allege personal participation by each named defendant.

### E.    Request for Release from Custody

As part of his request for relief, Plaintiff seeks immediate release from custody. But he may not pursue a claim seeking immediate or speedier release from custody in this civil rights action. "[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (noting that a "prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner' s immediate or speedier release from that confinement"). Therefore, to the extent Plaintiff seeks to obtain his release from custody, he must raise the claim in a separate habeas corpus action after he exhausts state remedies.

### III.    CONCLUSION

Accordingly, it is

ORDERED that Plaintiff file, within thirty (30) days from the date of this order, an amended Prisoner Complaint that complies with all directives contained in this order. To be clear, Plaintiff must submit a legible, single, fully completed amended Prisoner Complaint on the court-approved form as one document that contains all claims and allegations. It is

FURTHER ORDERED that Plaintiff obtain and utilize the court-approved Prisoner Complaint form (with the assistance of a case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED May 6, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge